*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. J. DAWKINS, Minor.

UNPUBLISHED
November 12, 2019

Nos. 344285 & 344316
Bay Circuit Court
Family Division
LC No. 16-012182-NA

ON REMAND

Before: CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court, which vacated this Court's prior unpublished opinion[1] and remanded for reconsideration in light of *In re Ferranti*, 504 Mich ___; ___ NW2d ___ (2019) (Docket No. 157907). *In re MJ Dawkins*, ___ Mich ___ (2019). After such reconsideration, we conclude that, because the trial court failed to comply with MCR 3.971(B)(4) by advising respondents that their pleas to allegations in the initial petition could be used at a later termination hearing, this Court must vacate the order of adjudication and the order terminating parental rights, and remand for further proceedings.

## I. RELEVANT FACTS AND PROCEEDINGS

At issue in this appeal are respondents' parental rights to MJ. The underlying facts are largely irrelevant for purposes of the remand. Briefly, however, MJ was removed due to domestic violence, substance abuse, and poor living conditions. After respondents admitted some of the allegations in the petition and pleaded no contest to others, the trial court exercised jurisdiction. During the dispositional phase of the proceedings, the conditions of mother's and

---

[1] *In re MJ Dawkins*, unpublished per curiam opinion of the Court of Appeals, issued February 5, 2019 (Docket Nos. 344285 and 344316).

father's homes improved, but respondents failed to participate in and benefit from their service plans in any other way. Eventually, the trial court terminated both respondents' parental rights.

It is undisputed that, before accepting their pleas to allegations in the petition during the adjudication hearing, the trial court failed to advise respondents in accordance with MCR 3.971(B)(4). MCR 3.971(B)(4) requires the court to advise respondents "of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent." On appeal, both respondents raised unpreserved claims that they were entitled to "reversal of their terminations" due to this omission. Petitioner, the Department of Health and Human Services (DHHS) agreed that the trial court erred in this respect, but argued that pursuant to *In re Hatcher*, 443 Mich 426; 505 NW2d 834 (1993), overruled by *Ferranti*, 504 Mich at ___; slip op at 28, respondents could not collaterally attack the trial court's assumption of jurisdiction. This Court held that the issue was unpreserved, and then explained that the facts admitted by respondents in their pleas were either presented at the termination hearing in nonhearsay testimony, or were not used by the trial court when making its dispositional decision. Thus, we concluded that the trial court's failure to properly advise respondents of the consequences of their pleas did not affect the outcome in this matter. After addressing other issues raised by respondents and finding them without merit, we affirmed the trial court's order terminating respondents' parental rights.

Respondents sought leave to appeal in the Supreme Court, and that Court held the application in abeyance pending its decision in *Ferranti*.[2] In its opinion in *Ferranti*, the Supreme Court overruled *Hatcher*, 443 Mich 426, and concluded that, because the adjudication and subsequent termination are part of one continuous proceeding, an appellate challenge to the adjudication raised only after the termination order is not a collateral attack, as had been held in *Hatcher*.[3] *Ferranti*, 504 Mich at ___; slip op at 10-18. On September 25, 2019, the Supreme

---

[2] *In re Dawkins*, 925 NW2d 882 (Mich, 2019).

[3] This is not to say that respondents in child protection proceedings now have an unbounded right to appeal their adjudication and prior proceedings from a termination order. Effective the same date that the Supreme Court issued *Ferranti*, June 12, 2019, relevant court rules were amended to require the trial court to notify a respondent in a child protective proceeding of the right to appeal following a child's initial removal from the home and the initial dispositional order. MCR 3.972(F)(1). Failure to appeal could bar the respondent from later challenging the trial court's assumption of jurisdiction. *Ferranti*, ___ Mich at ___ (MARKMAN, J., dissenting); slip op at 1 n 1. A respondent may now challenge the assumption of jurisdiction in an appeal from a termination order "if the respondent's parental rights are terminated at the initial dispositional hearing pursuant to MCR 3.977(E)[,]" or if the court fails to properly advise the respondent that, *inter alia*, he or she may appeal the assumption of jurisdiction from the initial disposition order. See MCR 3.972 (G).

A recent, unpublished opinion of this Court held that when a court rule changes while a direct appeal is pending, it is appropriate to decide the appeal under the new rule, not the rule in place at the time the trial court made the challenged decision. *People v Tietz*, unpublished per

Court entered its previously mentioned order vacating this Court's unpublished opinion and remanding the case for reconsideration in light of *Ferranti*.

## II. ANALYSIS

Respondents argue that the trial court erred by failing to inform them of the consequences of their plea at adjudication, including that a plea can later be used as evidence in a proceeding to terminate parental rights, in violation of their constitutional rights. They also allege that they would not have pleaded had they known that their pleas could be used as evidence against them at termination. Our Supreme Court's ruling in *Ferranti* compels this Court to vacate the order of adjudication, vacate the orders terminating respondents' parental rights, and remand the matter to the trial court for further proceedings.

When addressing the substance of the respondents' jurisdictional issue in *Ferranti*, our Supreme Court analyzed an issue directly relevant to respondents' jurisdictional argument in the present case. In *Ferranti*, the trial court did not give respondents any of the advice required by MCR 3.971(B) before respondents pleaded to some of the allegations in the petition. *Ferranti*, 504 Mich at ___; slip op at 3, 23. Because the respondents did not preserve their claims of error, the Court reviewed the claims for plain error affecting substantial rights. *Id*. at ___; slip op at 22. To prevail under plain-error review, the respondents had to "establish that (1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected their substantial rights. And the error must have 'seriously affected the fairness, integrity or public reputation of judicial proceedings.' " *Id*. (citations omitted).

There was no dispute in *Ferranti* that an error occurred, and that it constituted plain error, given the court's complete failure to provide any advice to the respondents regarding the consequences of their pleas and the rights they were giving up. *Id*. at __; slip op at 23. Likewise, in the present case, the trial court's failure to advise respondents of the consequences of their pleas as set forth in MCL 3.971(B)(4) was plain error, satisfying the first two prongs of the plain-error test. Regarding the third prong, the Court in *Ferranti* explained:

---

curiam opinion of the Court of Appeals, issued July 25, 2019 (Docket No. 342613). However, in an unpublished opinion decided two days before *Tietz*, this Court decided a matter affected by *Ferranti* citing only the former version of the court rules. *In re Brown*, unpublished per curiam opinion of the Court of Appeals, issued July 23, 2019 (Docket No. 345325). Both cases are unpublished and, thus, have no precedential value, but they do suggest that there is some disagreement on the matter. Moreover, under either version of the court rules, the present respondents may raise the issue concerning their adjudication proceedings. Respondents' right to appeal under the old rules derives from the *Ferranti* ruling. *Ferranti*, __ Mich at __; slip op at 10-22. Their right to appeal under the new rules derives from the fact that the trial court did not inform respondents that they could be barred from challenging the assumption of jurisdiction unless they filed an appeal from the initial disposition order. MCR 3.972(G).

But the Department believes that the errors did not affect the respondents' substantial rights because it would have been able to prove the allegations had the case proceeded to an adjudication trial. This misses the point; the constitutional deficiencies here are not forgiven by what might have transpired at trial. The respondents' pleas were not knowingly, understandingly, and voluntarily made. . . .

The respondents were deprived of their fundamental right to direct the care, custody, and control over JF based on those invalid pleas. And the invalid pleas relieved the Department of its burden to prove that the respondents were unfit at a jury trial, with all of its due-process protections. These constitutional deprivations affected the very framework within which respondents' case proceeded. There was error, it was plain, and it affected the respondents' substantial rights.

In the present matter, this Court's prior unpublished opinion concluded that respondents had not established that a plain error affecting their substantial rights had occurred because the admission of the pleas at the later termination hearing did not affect the outcome of that particular hearing. *Ferranti* forecloses that type of analysis. See *id*. at ___; slip op at 23 ("[T]he constitutional deficiencies here are not forgiven by what might have transpired at trial."). Rather, the basic point of *Ferranti* is that without being properly advised of the consequences of their pleas, respondents' pleas were "not knowingly, understandingly, and voluntarily made." *Id*. at ___; slip op at 23. The rights that were affected were respondents' due-process rights to proper adjudications. Because the plea was invalid, "[t]here was error, it was plain, and it affected the respondents' substantial rights." *Id*. at ___; slip op at 24.

As for whether the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings, *Ferranti* again guides us in answering that question:

Finally, we conclude that the error here seriously affected the fairness, integrity, or public reputation of judicial proceedings. The trial court did not advise the respondents that they were waiving any of the important rights identified in MCR 3.971(B)(3). And it failed to advise the respondents of the consequences of entering their pleas. MCR 3.971(B)(4). This failure resulted in the respondents' constitutionally defective pleas and undermined the foundation of the rest of the proceedings. The defective pleas allowed the state to interfere with and then terminate the respondents' fundamental right to parent their child. Due process requires more: either a plea hearing that comports with due process and the court rule or, if respondents choose, a trial. MCR 3.971; MCR 3.972. We thus vacate the trial court's order of adjudication. [*In re Ferranti*, ___ Mich at ___; slip op at 23-24 (internal citations and parentheticals omitted).]

The Court in *Ferranti* explained that the failure to advise the parents of their rights under MCR 3.971(B)(3) and (4) "resulted in the respondents' constitutionally defective pleas and undermined the foundation of the rest of the proceedings . . . . Due process requires more: either a plea hearing that comports with due process *and the court rule* or, if respondents choose, a trial." *Ferranti*, 504 Mich at ___; slip op at 24 (emphasis added). In other words, the failure to provide

-4-

all of the advice required by the court rule, including that required by MCR 3.971(B)(4), renders respondents' pleas defective.  We are constrained by *Ferranti* to conclude that failure to comply with MCR 3.971(B)(4) is not subject to harmless-error analysis and that it requires automatic reversal.  The defective plea proceeding "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Ferranti*, 504 Mich at ___; slip op at 24.  Consequently, we must vacate the order of adjudication and the order terminating respondents' parental rights.  See *id*.

We vacate the order of adjudication and the order terminating parental rights and remand for further proceedings.[4]  We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause

---

[4] Because of our ruling with respect to the assumption of jurisdiction, we need not address respondents' other arguments on appeal seeking reversal, as they are now moot.